WEISEGER and others vs. WHEELER and another.

Where in a contract for the sale of bulky articles, the seller reserves the option to deliver at either of two cities a hundred miles apart, and agrees in the contract to give the purchaser seven days notice of the time and place of delivery, the giving of such notice is a condition precedent to the right to demand payment, and the seller becomes liable in damages on the contract if he fails to give the notice.

APPEAL from the Circuit Court for *Milwaukee* County.

This case was before the court on a former occasion, and the facts proved on the trial appear from the report of the case, 14 Wis., 101, and from the opinion of the court reported below.

*Wm. P. Lynde,* for appellants. The plaintiffs have no right of action, unless they have done or offered to do all that was necessary to entitle them to the possession of the pork. 1 Pars. on Cont., 449. *Dunham vs. Mann,*, 4 Seld., 508 ; *Leonard vs. Davis,* 1 Black., U. S., 483 ; *Pomeroy vs. Gold,* 2 Met., 509 ; *Kane vs. Hood,* 13 Pick., 281. The agreement says they shall pay for the pork on delivery. They have not paid or offered to pay. It is claimed by the plaintiffs that they had a right to the possession of the pork, because the defendants agreed to give seven days notice of their intention to deliver and failed to give the notice. Failure to give the notice did not give the plaintiffs a right to the pork without paying for it. He also cited 12 Johns., 209 ; 20 Johns., 130 ; 1 Peters, 463 ; 7 Term, 125 ; Salk., 113, 171 ; Cro. Eliz., 388 ; 4 Term, 761 ; 1 East., 203 ; Oliver's Prec., 153, 177 ; 2 Chitty Plead.,

268, 270; *Dana vs. King*, 2 Pick., 155; 67 Eng. Com. Law, 132 ; 8 Term, 374 ; 3 Denio, 367 ; 1 Kern., 459 ; 16 Barb., 93 ; 24 Wend., 161 ; 1 Hill, 63 ; 2 Comst., 408 ; 5 Wis., 125 ; 11 Wend., 48.

*James S. Brown*, for respondents, relied on *Weiseger vs. Wheeler*, 14 Wis., 101.

*By the Court*, PAINE, J.   This case has once been passed upon by this court, after which a new trial was had, and the defendants have brought it here again.   Their counsel insists that it is now materially different from what it was then; but we do not so understand it, nor see that we can reverse this judgment, without substantially overruling the former decision.

The whole argument of the appellants' counsel rests upon the assumption, that by the contract there was no condition precedent to be performed by *Wheeler*, but that it was the common case of dependent covenants, where the acts of both parties are to be performed at the same time, and the one in consideration of the other, in which case it is conceded that neither can sustain an action for the default of the other without showing an offer or readiness to perform on his part.   But our former decision, if adhered to, leaves no foundation for this argument.   We then held, that by this contract the seven days' notice from *Wheeler* was a condition precedent to the obligation of the plaintiffs to be ready to perform on their part. And the argument of counsel has not at all shaken our conviction of the correctness of this conclusion.   *Wheeler* had a clear right to deliver the pork, either in Milwaukee or Chicago, at his option.   He had contracted to deliver it at one place or the other, and that he would give seven days notice of the time and place.   Under such a contract, it was impossible for the plaintiffs to make any offer to perform, or to show any readiness to perform, in pursuance of the contract, unless such notice was given.   The articles were bulky; they needed storage and care.   This the contract clearly contemplates, by provid-

ing that after notice of the time and place of delivery, the purchasers had the right to provide a warehouse where it should be received. How, then, could they show an offer to perform, or readiness, without the notice? If they had provided a warehouse in Milwaukee, and showed a readiness to receive and pay there, the seller might have replied that he was not bound to deliver there. He might have said the same, if they had showed a readiness to perform in Chicago. And it certainly cannot be said that they were bound to show a readiness in both places, under a contract which required a readiness only in one.

The nature of the contract, and the effect of the notice differs entirely from that in the case of *Dana vs. King*, 2 Pick., 155, on which great reliance is placed by the appellants. The agreement there, was to sell stock at any time after one month and within a year, the purchaser to give one week's notice to the seller. But is very obvious that the provision for a notice there was for the benefit of the seller, and designed to prevent him from being in default on a sudden request to transfer. But there was nothing in its character which made it at all essential to enable the seller to perform. He could just as well get ready to transfer his stock if the notice was not given, as if it was. But here the notice was actually essential to enable the purchasers to get ready to perform on their part, and constituted, therefore, a condition precedent. Where, in a contract for the sale of bulky articles, the seller reserves the option to deliver at either of two cities a hundred miles apart, and agrees, as a part of the contract, to give the purchaser seven days' notice of the time and place of delivery, such notice is, from the necessity of the case, a condition precedent, and the seller should be liable if he failed to give it.

After the expiration of the time within which the seven days' notice could have been given according to the contract, the plaintiffs wrote immediately to *Wheeler*, stating that they had received no notice and, suggesting that it might have been

sent and miscarried, and intimating that if *Wheeler* had not the pork, and was obliged to go into the market, he had better negotiate with them, &c. He replied that if he was unable to deliver according to the contract, he should expect to pay the difference.

The counsel for the appellants commented on this correspondence, claiming that still insisting on a delivery of the pork, after the time for giving the proper notice had expired, the plaintiffs admit substantially, that the notice was not essential. Possibly if *Wheeler* had given prompt notice on the receipt of this letter, the letter might have been held a waiver of any stricter compliance with the contract. That, however, it is not necessary to determine. But to say that there is anything in the letter, calling his attention promptly to the want of notice, and indicating a strong desire on their part to have the contract complied with, that amounts to an admission that no notice at all was necessary, would be an extraordinary perversion of its meaning.

The judgment must be affirmed.